

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2008

# Darren Keys v. US Dept of Justice

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Darren Keys v. US Dept of Justice" (2008). *2008 Decisions.* Paper 849.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/849

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-215                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1883
_____

DARREN KEYS,

                                                        Appellant

v.

UNITED STATES DEPARTMENT OF JUSTICE;
RON SENIFF; PATRICK L. MEEHAN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-04050)
District Judge:  Honorable Timothy J. Savage

_____

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 5, 2008

Before:   MCKEE, RENDELL AND SMITH, Circuit Judges

(Opinion filed:  July 11, 2008 )
_____

OPINION
_____

PER CURIAM

     Appellant, Darren Keys, proceeding pro se, appeals from the District Court's

dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  We exercise

jurisdiction pursuant to 28 U.S.C. § 1291, and review the grant of a motion to dismiss de novo, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff. In re Adams Golf, Inc. Sec. Litig., 381 F.3d 267, 273 (3d Cir. 2004).

In September 2007, Keys filed a lawsuit against the United States Department of Justice ("DOJ"), Ron Seniff, a correctional officer at Allenwood Prison Camp, where Keys was residing, and Patrick Meehan, the United States Attorney for the Eastern District of Pennsylvania, alleging that Defendants prevented him from pursuing a personal injury claim arising from an accident that occurred while Keys was a passenger in a car driven by Seniff. Keys contends that Defendants failed to adjudicate his "Tort Claim" for injuries resulting from the accident against the driver of the vehicle that hit the car and that this failure denied him "due process of law, access to the courts" and constituted violations of various felony criminal statutes.

The District Court granted Defendants' unopposed motion to dismiss on March 13, 2008, because the complaint sought monetary relief against a defendant who is immune from suit and because it was barred by the statute of limitations. Keys filed an appeal without explaining why he did not oppose the motion and without asking for reconsideration. In response, the District Court issued a Memorandum Opinion on April 24, 2008, explaining the rationale for dismissing the action.

For substantially the reasons explained by the District Court, Keys' complaint was properly dismissed. As the District Court explained, Keys cannot maintain a Bivens

action against the United States Department of Justice, a federal agency. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).[1]

Additionally, Keys' constitutional claims under Bivens against any individuals are barred because they are subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 279 (1985) (applying state statute of limitations in § 1983 action); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988); 42 Pa. Cons. Stat. Ann. § 5524 (personal injuries in Pennsylvania are subject to a two-year statute of limitations). The automobile accident took place in August 1999, and Keys acknowledges that he knew or had reason to know of his injuries by at least September 23, 1999. (See Compl. ¶ 18.) The alleged failure of Defendant to prosecute his personal injury claim was known to him no later than April or May 2000, (see Compl. ¶ 19), over seven years before this action was filed.[2] See Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991) (statute of limitations begins to run when plaintiff knew or had reason to know of the injuries for which he sought relief). Therefore, the District Court

---

[1] In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 397 (1971), the Supreme Court implied a cause of action for damages against federal agents who allegedly violated the Constitution.

[2] Keys filed a "Tort Claim" for damages with the Bureau of Prisons. He received a letter dated September 23, 1999, acknowledging receipt of the claim and stating that the claim would be reviewed and adjudicated within six months from the September date. Six months later, on March 16, 2000, Keys inquired of the status of the claim but his inquiry was never answered. Thus, by March of 2000, or at least a few weeks later, Keys knew or should have known of his alleged injury, that Defendants had failed to adjudicate his claim.

properly dismissed the complaint without granting leave to amend.  See 28 U.S.C. § 1915(e)(2)(B); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (the district court need not allow amendment of an in forma pauperis complaint where "amendment would be inequitable or futile").

In addition, we agree that allowing Keys leave to amend to add the United States as a defendant under the Federal Tort Claims Act ("FTCA") would have been futile because the statute of limitations has expired.[3]  Under the FTCA, a claim against the United States is barred unless it is presented to the appropriate federal agency within two years of the events giving rise to the claims or "unless action is begun within six months after the . . . notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).  Keys did not file his complaint until six years after the limitations had passed, nor does he present any justification for the equitable tolling of his claim.[4] Therefore the District Court did not err in finding that granting leave to amend would have been futile.  See Grayson, 293 F.3d at 108.

Because no action may lie against the DOJ and the claims against the remaining Defendants are barred by the statute of limitations, the District Court properly dismissed the complaint.  We will therefore dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

---

[3]Review of the denial of leave to amend is for abuse of discretion.  Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

[4]Keys asserts that he never received an answer after filing a tort claim with the Bureau of Prisons; however, the agency's lack of response does not excuse his failure to file within the limitations period.  A plaintiff asserting a claim pursuant to the FTCA must present his claim to the relevant government agency and await either a final administrative disposition or the passage of six months without such a disposition.  28 U.S.C. § 2675(a).